**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000400
11-MAY-2026
08:15 AM
Dkt. 200 MO**

NOS. CAAP-23-0000400, CAAP-23-0000707
AND CAAP-24-0000502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

### NO. CAAP-23-0000400

NAOMI HASEGAWA; ATSUSHI MORITA; KASUMI ISHIDA;
TATSUTO EHARA; MAKOTO ISHIDA; HUN-DONG YU; TAO JIANG;
WEI JIANG; XIUJUAN LI; SONGHUA ZHANG; YIHAO XU; RUIGANG TAN,
Plaintiffs-Appellants,
and
YANLI XU; LILI WU; CHUANJIAO YU; TIANGE YANG;
XIAOMIN HUANG; PINMEI WANG; XIAOHUI WU; YUYANG JING;
LI WANG; DONG ZHANG; KE YUAN; WEI WANG; JING LIU,
Nominal Plaintiffs,
v.
ZHONG FANG AKA JOHNSON FANG; MIN HU AKA MICHELLE HU;
ZHE FANG AKA JAY FANG; YUJIA WANG AKA JIAJIA WANG;
LAMEI FANG; USA REALTY CONSTRUCTION GROUP INC.; CALIFORNIA
INVESTMENT REGIONAL CENTER LLC; CALIFORNIA REGIONAL CENTER LLC;
AMERICAN INVESTMENT IMMIGRATION FUND; WUHAN WESTERN U.S.
INVESTMENT IMMIGRATION CONSULTANT INC; HAWAII CITY PLAZA LP;
HAWAII OCEAN PLAZA LP; LOS ANGELES CITY PLAZA LP; LA VALLEY
GARDEN PLAZA LP; 9920 VALLEY BLVD LP; HAWAII OCEAN PLAZA LLC,
Defendants-Appellees,
and
DAVID R. SQUERI; SOL V. YI; GREATER PACIFIC LAW OFFICE LLLC,
Third-Party Plaintiffs/
Third-Party Counterclaim Defendants-Appellees,
v.
WEN SHENG GAO; LAW OFFICE OF WEN SHENG GAO LIMITED LIABILITY LAW
COMPANY, Third-Party Defendants/
Third-Party Counterclaimants-Appellants,

and
JUNSUKE AARON OTSUKA; OTSUKA & ASSOCIATES, A LIMITED LIABILITY
LAW COMPANY, Third-Party Plaintiffs-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL
UNITS 1-10, Defendants,
and
DOE THIRD-PARTY DEFENDANTS 1-100, Third-Party Defendants


**NO. CAAP-23-0000707**
YANLI XU; NAOMI HASEGAWA; ATSUSHI MORITA; KASUMI ISHIDA;
TATSUTO EHARA; MAKOTO ISHIDA; HUN-DONG YU; LILI WU; TAO JIANG;
CHUANJIAO YU; TIANGE YANG; XIAOMIN HUANG; PINMEI WANG;
XIAOHUI WU; YUYANG JING; LI WANG; DONG ZHANG; KE YUAN;
WEI JIANG; XIUJUAN LI; SONGHUA ZHANG; YIHAO XU; WEI WANG;
RUIGANG TAN; JING LIU, Plaintiffs-Appellees,
v.
ZHONG FANG AKA JOHNSON FANG; MIN HU AKA MICHELLE HU; ZHE FANG
AKA JAY FANG; YUJIA WANG AKA JIAJIA WANG; LAMEI FANG;
USA REALTY CONSTRUCTION GROUP INC.; CALIFORNIA INVESTMENT
REGIONAL CENTER LLC; CALIFORNIA REGIONAL CENTER LLC;
AMERICAN INVESTMENT IMMIGRATION FUND; WUHAN WESTERN U.S.
INVESTMENT IMMIGRATION CONSULTANT INC; HAWAII CITY PLAZA LP;
HAWAII OCEAN PLAZA LP; LOS ANGELES CITY PLAZA LP;
LA VALLEY GARDEN PLAZA LP; 9920 VALLEY BLVD LP;
HAWAII OCEAN PLAZA LLC, Defendants-Appellants,
and
DAVID R. SQUERI; SOL V. YI; GREATER PACIFIC LAW OFFICE LLLC,
Third-Party Plaintiffs/Third-Party Counterclaim Defendants-
Appellees
v.
WEN SHENG GAO; LAW OFFICE OF WEN SHENG GAO
LIMITED LIABILITY LAW COMPANY, Third-Party Defendants/Third-
Party Counterclaimants-Appellees,
and
JUNSUKE AARON OTSUKA; OTSUKA & ASSOCIATES, A LIMITED LIABILITY
LAW COMPANY, Third-Party Plaintiffs-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
DOE GOVERNMENTAL UNITS 1-10, Defendants,
and
Doe Third-Party Defendants-1-100, Third-Party Defendants


2

<u>NO. CAAP-24-0000502</u>
NAOMI HASEGAWA; ATSUSHI MORITA; KASUMI ISHIDA;
TATSUTO EHARA; MAKOTO ISHIDA; HUN-DONG YU; TAO JIANG;
WEI JIANG; XIUJUAN LI; SONGHUA ZHANG; YIHAO XU; RUIGANG TAN,
Plaintiffs-Appellants,
and
YANLI XU; LILI WU; CHUANJIAO YU; TIANGE YANG;
XIAOMIN HUANG; PINMEI WANG; XIAOHUI WU; YUYANG JING;
LI WANG; DONG ZHANG; KE YUAN; WEI WANG; JING LIU,
Plaintiffs-Appellees,
v.
ZHONG FANG AKA JOHNSON FANG; MIN HU AKA MICHELLE HU;
ZHE FANG AKA JAY FANG; YUJIA WANG AKA JIAJIA WANG;
LAMEI FANG; USA REALTY CONSTRUCTION GROUP INC.; CALIFORNIA
INVESTMENT REGIONAL CENTER LLC; CALIFORNIA REGIONAL CENTER LLC;
AMERICAN INVESTMENT IMMIGRATION FUND; WUHAN WESTERN U.S.
INVESTMENT IMMIGRATION CONSULTANT INC; HAWAII CITY PLAZA LP;
HAWAII OCEAN PLAZA LP; LOS ANGELES CITY PLAZA LP; LA VALLEY
GARDEN PLAZA LP; 9920 VALLEY BLVD LP; HAWAII OCEAN PLAZA LLC,
Defendants-Appellees,
and
DAVID R. SQUERI; SOL V. YI; GREATER PACIFIC LAW OFFICE LLLC,
Third-Party Plaintiffs/
Third-Party Counterclaim Defendants-Appellees,
v.
WEN SHENG GAO; LAW OFFICE OF WEN SHENG GAO LIMITED LIABILITY LAW
COMPANY, Third-Party Defendants/
Third-Party Counterclaimants-Appellants,
and
JUNSUKE AARON OTSUKA; OTSUKA & ASSOCIATES, A LIMITED LIABILITY
LAW COMPANY, Third-Party Plaintiffs-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL
UNITS 1-10, Defendants,
and
Doe Third-Party Defendants 1-100, Third-Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-19-0002025, Consolidated with
1CCV-19-0002037 and 1CCV-19-0002169)

MEMORANDUM OPINION
(By:  Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

This consolidated civil appeal[1] from the Circuit Court of the First Circuit[2] (**Circuit Court**) challenges orders denying the plaintiffs' attempts to disqualify the defendants' counsels, dismissing the plaintiffs' claims against the defendants' counsels, and imposing Rule 11 sanctions against the plaintiffs' counsel in CAAP-23-0000400 (**claims against counsels appeal**); the enforcement of the parties' subsequent settlement agreement in CAAP-23-0000707 (**settlement enforcement appeal**); and the attachment of a lien for attorney's fees in CAAP-24-0000502 (**lien appeal**).  We affirm.

## I.  BACKGROUND

The plaintiffs in the underlying lawsuit were foreign investors in two failed development projects designed to qualify for "EB-5"[3] immigration benefits.  The plaintiffs sued the two

---

[1]     We consolidated these three related appeals by order on March 5, 2025.

[2]     The Honorable Lisa W. Cataldo presided over all proceedings, except for two disqualification motions, over which the Honorable James H. Ashford presided in 2021, when he was temporarily assigned to the case.

[3]     EB-5 is a federal program under which foreign investors are eligible to apply for lawful permanent residence if they meet certain requirements.  See EB-5 Immigrant Investor Program, https://www.uscis.gov/ working-in-the-united-states/permanent-workers/eb-5-immigrant-investor- program [https://perma.cc/FQL3-E5KB] (last visited May 22, 2024); Wang v. Fang, No. CAAP-20-0000160, 2024 WL 3311499, at **2 n.8 (Haw. App. July 5, 2024) (SDO) (affirming orders granting the defendants' motions to expunge multiple lis pendens, in a prior appeal arising out of this same litigation). Under the program, qualified immigrant investors who commit to investing a minimum amount of capital may seek entry to the United States for the purpose of engaging in a new commercial enterprise that "will benefit the United States economy by creating full-time employment for not fewer than 10 United States citizens, United States nationals, or aliens lawfully admitted for permanent residence or other immigrants lawfully authorized to be employed in the United States."  8 U.S.C. § 1153(b)(5).

development projects (**Project Defendants**),[4] and nine individuals and entities connected to the projects (**Non-Project Defendants**),[5] (collectively, **Defendants**) alleging, inter alia, that the Defendants fraudulently induced the plaintiffs' investments, mismanaged the projects, and converted funds.

The record reflects a contentious procedural history.[6] Following extensive pre-trial motions litigation from 2019 to 2022, which included the disqualification, dismissal, and sanctions orders relevant to the claims against counsels appeal (CAAP-23-0000400), the parties reached a settlement in the fall of 2022. The settlement agreement included a one-year litigation stay, but settlement-related motions and proceedings, and resolution of the then-pending Hawai'i Rules of Civil Procedure (**HRCP**) Rule 11 sanctions motions against the plaintiffs' counsel Wen Shen Gao (**Gao**), were excluded from the litigation stay. In the fall of 2023, near the expiration of the one-year litigation stay, the Defendants moved to set aside the settlement agreement on grounds that Gao violated certain settlement agreement terms. The plaintiffs opposed and moved to enforce the settlement. The Circuit Court's order resolving these settlement motions is challenged in the settlement

---

[4]    The Project Defendants are Hawaii City Plaza LP and Hawaii Ocean Plaza LP, the Defendants-Appellees in CAAP-23-0000400 and CAAP-24-0000502 and the Defendants-Appellants in CAAP-23-0000707.

[5]    The Non-Project Defendants-Appellants are:  Zhong Fang aka Johnson Fang, Min Hu aka Michelle Hu, Zhe Fang aka Jay Fang, Yujia Wang aka Jiajia Wang, Lamei Fang, Hawaii Ocean Plaza, LLC, USA Realty Construction Group Inc., California Investment Regional Center LLC, California Regional Center LLC, American Investment Immigration Fund, Wuhan Western U.S. Investment Immigration Consultant Inc., Los Angeles City Plaza LP, LA Valley Garden Plaza LP, and 9920 Valley Blvd LP.

[6]    The circuit court docket list exceeds 200 pages and contains over 2,200 docket entries.

enforcement appeal (CAAP-23-0000707).  In 2024, the Circuit Court allowed the Project Defendants to attach a lien for their attorney's fees to properties subject to a superseding settlement lien in favor of the plaintiffs.  The court orders permitting the lien are challenged in the lien appeal (CAAP-24-0000502).

The Project Defendants are represented by attorney Junsuke Otsuka from the Otsuka & Associates, LLLC law firm (**Otsuka Attorneys**), and the Non-Project Defendants are represented by attorneys from the Greater Pacific Law Office LLLC (**GPL Attorneys**).  In the claims against counsels appeal, the Otsuka Attorneys and the GPL Attorneys (collectively, **Attorney Defendants**) were named as defendants in the Fourth Amended Verified Complaint (**Fourth Amended Complaint**) until the claims against them were dismissed.

There are two groups of plaintiffs involved in this consolidated appeal.[7]  One group consists of twelve plaintiffs represented by Gao, of the Law Office of Wen Shen Gao LLLC (**Gao LLLC**), who has continuously represented them from the beginning of the lawsuit (**Gao Plaintiffs**).[8]  The Gao Plaintiffs are parties to all three appeals.  A second group consisting of thirteen plaintiffs, who were represented by attorneys from the O'Connor Playdon Guben & Inouye LLP law firm (**OPGI Plaintiffs**)[9] at the

---

[7]     Gao initially represented all of the plaintiffs when the Fourth Amended Complaint relevant to this appeal was filed on November 20, 2020.

[8]     The Gao Plaintiffs are: Naomi Hasegawa, Atsushi Morita, Kasumi Ishida, Tatsuto Ehara, Makoto Ishida, Hun-Dong Yu, Tao Jiang, Wei Jiang, Xiujuan Li, Songhua Zhang, Yihao Xu, and Ruigang Tan.

[9]     The OPGI Plaintiffs are: Yanli Xu, Wei Wang, Xiaomin Huang, Dong Zhang, Pinmei Wang, Ke Yuan, Jing Liu, Tiange Yang, Yuyang Jing, Chuanjiao Yu, Lili Wu, Li Wang and Xiaohui Wu.

As of June 16, 2025, the OPGI firm withdrew and attorney Christopher J. Muzzi substituted as counsel for the OPGI Plaintiffs.

time of briefing of this appeal and formerly represented by Gao, are only involved in the settlement enforcement appeal.

**Procedural history for the claims against counsels appeal (CAAP-23-0000400)**

In this appeal, the Gao Plaintiffs appeal from three orders denying their motions to disqualify the GPL Attorneys and the Otsuka Attorneys (**DQ Orders**), two orders granting dismissal of their claims in Count 15 against the Otsuka Attorneys and the GPL Attorneys (**Count 15 Dismissal Orders**); and the "Final Judgment Re Count #15" (**Count 15 Judgment**). In this same appeal, real parties in interest Gao and Gao LLLC appeal from two orders imposing a $3,500.00 Rule 11 sanction against Gao.

The relevant procedural history for the DQ Orders, Count 15 Dismissal Orders and the Rule 11 sanction orders is as follows.

There were three actions filed below that were consolidated into the last action, 1CCV-19-0002169, which underlies these appeals. On March 16, 2020, the plaintiffs were granted leave to file an amended complaint in 1CCV-19-0002169 to consolidate all claims.

On May 5, 2020, the plaintiffs filed the first of two motions to disqualify the GPL Attorneys at issue in this appeal, against the GPL Attorneys (**First Motion to DQ GPL**).

On October 21, 2020, the Circuit Court approved the withdrawal of the GPL Attorneys, and substitution of the Otsuka Attorneys as counsel for the Project Defendants. The GPL Attorneys remained counsel for the Non-Project Defendants.

Also on October 21, 2020, the plaintiffs filed a notice of partial withdrawal of their First Motion to DQ GPL, withdrawing as moot their argument that the GPL Attorneys should

7

be disqualified due to their dual representation of the Project Defendants and the Non-Project Defendants.

On October 22, 2020, the Circuit Court ruled that it was denying the plaintiffs' First Motion to DQ GPL as amended, and subsequently entered its December 9, 2020 "Order Denying Plaintiffs' Motion for Disqualification of Attorney David R. Squeri, Sol V. Yi, and the Greater Pacific Law Office LLLC; and Recusal of Honorable Judge Dean E. Ochiai" (**Order Denying First DQ of GPL**).

On November 18, 2020, the plaintiffs filed a second motion to disqualify the GPL Attorneys (**Second Motion to DQ GPL**).

On November 20, 2020, following multiple previous dismissals with leave to amend, the plaintiffs filed the Fourth Amended Complaint relevant to this appeal. The Fourth Amended Complaint added the Attorney Defendants as defendants and asserted claims against them in Count 15 that included "conspiracy; unauthorized representation; malpractice[.]"

On December 23, 2020, both the GPL Attorneys and the Otsuka Attorneys filed motions to dismiss the claims against them set forth in Count 15 of the Fourth Amended Complaint.

On May 6, 2021, the plaintiffs filed a Motion for Disqualification of the Otsuka Attorneys (**Motion to DQ Otsuka**).

On June 16, 2021, Judge Ashford conducted a hearing on the plaintiffs' November 18, 2020 Second Motion to DQ GPL and the plaintiffs' May 6, 2021 Motion to DQ Otsuka. Judge Ashford denied both disqualification motions, and entered two June 29, 2021 orders denying the motions: "Order Denying Plaintiffs' 2nd Motion for Disqualification of Attorney David R. Squeri, Sol V. Yi, and the Greater Pacific Law Office LLLC" (**Order Denying Second DQ of GPL**), and "Order Denying Plaintiffs' Motion for

8

Disqualification of Attorney Junsuke A. Otsuka, and Otsuka & Associate[s], a Limited Liability Law Company Filed May 6, 2021[Dkt. 841]" (**Order Denying DQ of Otsuka**). The Order Denying Second DQ of GPL stated: "Plaintiffs failed to show that they have standing to bring this Motion and have failed to show that the interest of the limited partnerships at issue, [Project Defendants] HAWAII CITY PLAZA LP and HAWAII OCEAN PLAZA LP, are materially adverse to any of the Defendants or their respective counsel." The Order Denying DQ of Otsuka similarly stated: "Plaintiffs have no standing or any other grounds to disqualify [Project]-Defendants' counsel. Plaintiffs further failed to show that interests of the limited partnerships at issue are materially adverse to any of the defendants or their respective counsel."

On July 8, 2022, the Circuit Court entered the "Order Granting GPL Attorneys' Motion to Dismiss All Claims of the 4th Amended Complaint Made Against GPL Attorneys and for Dismissal of GPL Attorneys as Parties to the Litigation" (**GPL Count 15 Dismissal Order**).

On July 15, 2022, the GPL Attorneys filed a "Motion for Rule 11 Sanctions Against Attorney Wen Sheng Gao and His Respective Plaintiff Clients" (**Motion for Rule 11 Sanctions**).

On August 4, 2022, the Circuit Court entered its "Order Granting Defendants Junsuke Aaron Otsuka and Otsuka & Associates, LLC's [sic] Motion to Dismiss 4th Amended Verified Complaint Filed November 20, 2020" (**Otsuka Count 15 Dismissal Order**).

On September 13, 2022, the OPGI Plaintiffs[10] filed a "Motion to Place Settlement on the Record, Discharge the

_____

[10] There was no withdrawal and substitution of counsel filed with respect to the OPGI Plaintiffs. On July 17, 2023, Gao filed a motion to

Discovery Master, Approve Lien for Settlement and Stay Litigation," together with a settlement agreement (**Settlement Agreement**) filed under seal.

On January 9, 2023, pursuant to the Settlement Agreement, the Circuit Court approved a Stipulation to Stay Litigation and Order, staying the litigation for a one-year period from August 10, 2022 to August 10, 2023 (**Litigation Stay**).  The GPL Attorneys' pending Motion for Rule 11 Sanctions and any settlement-related actions or proceedings were excluded from the Litigation Stay.

On March 23, 2023, the Circuit Court entered an order granting the GPL Attorneys' Motion for Rule 11 Sanctions (**Order Granting Rule 11 Sanctions**).

On May 19, 2023, the Circuit Court entered a Supplemental Order requiring Gao to pay $3,500.00 to the GPL Attorneys as a Rule 11 sanction, within 30 days (**Sanction Order**).

On June 19, 2023, the plaintiffs, Gao, and Gao LLLC filed a Notice of Appeal, followed by a June 21, 2023 "*Amended* Notice of Appeal."

On July 7, 2023, pursuant to the Count 15 Dismissal Orders, the Circuit Court entered the Count 15 Judgment in favor of the Attorney Defendants.

On July 10, 2023, the plaintiffs, Gao, and Gao LLLC filed a "*2nd Amended* Notice of Appeal," which included the July 7, 2023 Count 15 Judgment.

---

withdraw as counsel for the OPGI Plaintiffs, and on September 8, 2023 the Circuit Court entered an order granting the withdrawal.

On July 14, 2023 the Gao Plaintiffs (and not the OPGI Plaintiffs), Gao, and Gao LLLC filed a "*3rd Amended* Notice of Appeal."

**Procedural history for the settlement enforcement appeal (CAAP-23-0000707)**

On August 2, 2023, shortly before the August 10, 2023 expiration of the one-year Litigation Stay, the Defendants filed a joint "Motion to Set Aside Settlement Agreement and Lift Stay of Litigation Proceedings" (**Motion to Set Aside Settlement**).

On August 17, 2023, the Gao Plaintiffs filed a "Counter-Motion to the Dkt 1541 Motion (a) to Enforce the Settlement Agreement and Mutual Release as Dkt 1234, and or, (b) Motion for Accounting" (**Counter-Motion**).

On October 13, 2023, the OPGI Plaintiffs filed a "Motion to Enforce Settlement Agreement" (**Motion to Enforce Settlement**).

On November 7, 2023, the Circuit Court entered a single order resolving the three motions, by denying the Defendants' Motion to Set Aside Settlement, granting in part the Gao Plaintiffs' Counter-Motion, and granting the OPGI Plaintiffs' Motion to Enforce Settlement (**Order Enforcing Settlement**), followed by an amended order entered on November 8, 2023, titled "Amended Order (1) Denying the Motion to Set Aside Settlement Agreement and Lift Stay of Litigation Proceedings, Filed August 2, 2023 (Dkt. No. 1541); (2) Granting in Part, Denying in Part the Counter-motion to the Dkt. No. 1541 Motion (A) to Enforce the Settlement Agreement and Mutual Release as Dkt. No. 1234, and or, (B) Motion for Accounting, Filed August 17, 2023 (Dkt. Nos. 1548-1556); and (3) Granting O'Connor Playdon Guben & Inouye Plaintiffs' Motion to Enforce Settlement

11

Agreement, Filed October 13, 2023 (Dkt. No. 1674)" (**Amended Order Enforcing Settlement**).

On December 1, 2023, the Defendants filed a "Joint Notice of Appeal" from the November 7, 2023 Order Enforcing Settlement. An "*Amended* Joint Notice of Appeal" filed on February 2, 2024 added the November 8, 2023 Amended Order Enforcing Settlement. Only the November 8, 2023 Amended Order Enforcing Settlement is before us, as it replaced the previous order. We address the OGPI Plaintiffs' jurisdictional challenge to our jurisdiction over the November 8, 2023 Amended Order Enforcing Settlement, infra.

**Procedural history for the lien appeal (CAAP-24-0000502)**

On March 6, 2024, the Project Defendants filed a Renewed Motion for Leave to Record Lien, to which the Gao Plaintiffs filed a March 27, 2024 opposition.

On July 8, 2024, the Circuit Court granted the Project Defendants' request to record a consensual lien in the amount of $142,272.41 in favor of the Otsuka Attorneys on four real properties owned by the Project Defendants, for past attorney's fees due to the Otsuka Attorneys. The four real properties were part of the six real properties subject to the settlement lien in favor of all of the plaintiffs. The Otsuka Attorneys' lien for their past attorney's fees was junior to the plaintiffs' $18,946,480.00 superseding lien.

On July 26, 2024, the Gao Plaintiffs appealed from (1) the July 8, 2024 "Order Granting in Part and Denying in Part (1) [Project] Defendants' Renewed Motion for Leave to Record Lien Filed on March 6, 2024 and (2) [Non-Project] Defendant California Investment Regional Center, LLC's Joinder in [Project] Defendants' Renewed Motion for Leave to Record Lien

12

File [sic] March 21, 21024" (**Order Granting Lien Recording**) and (2) the July 9, 2024 "Order Regarding Attorney's Lien" (**Lien Order**) (collectively, **lien orders**).

## II. DISCUSSION

### A. The Claims Against Counsels Appeal, CAAP-23-0000400

The Gao Plaintiffs, Gao, and Gao LLLC raise the following points of error, contending the Circuit Court erred by: **(1)** denying the Gao Plaintiffs' two motions to disqualify the GPL Attorneys due to GPL's "concurrent representation of conflicting interests in the same litigation" that allegedly violated Hawaiʻi Rules of Professional Conduct (**HRPC**) Rules 1.7 and 1.9; **(2)** denying the Gao Plaintiffs' motion to disqualify the Otsuka Attorneys because of "conflicting interests in violation of [HRPC] Rule 1.8(f)"; **(3)** granting the GPL Attorneys' and Otsuka Attorneys' motions to dismiss the claims against the Attorney Defendants under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) "when the pleading was sufficient under fair notice standard [sic] and supported by the evidence"; and **(4)** imposing the "clearly erroneous" Rule 11 sanction against Gao, which was an "extreme injustice" because the GPL Attorneys were "allegedly committing violations of ethical rules." (Underscoring and italics omitted.)

### 1. Motions to disqualify the GPL Attorneys

The Gao Plaintiffs argue their two motions to disqualify the GPL Attorneys should have been granted because the GPL Attorneys could not concurrently represent both the Project Defendants and the Non-Project Defendants; and that having entered an appearance for all defendants, the GPL Attorneys could not then remain as counsel for any of them

without violating HRPC Rule 1.9(a).[11]  The Gao Plaintiffs assert standing to seek disqualification because they were limited partners of the Project Defendants bringing derivative claims.

The record reflects that the GPL Attorneys recognized that the Defendants' interests may potentially conflict.  In 2019, the GPL Attorneys sought court approval via motion, to make a Special Appearance for the Project Defendants, to represent all of the defendants only while procedural motions were addressed, and thereafter to only represent the Non-Project Defendants.  The Circuit Court approved the request for such limited Special Appearance in a January 3, 2020 order.  The Circuit Court later approved the withdrawal of the GPL Attorneys and the substitution of the Otsuka Attorneys as Project Defendants' counsel on October 21, 2020.  The Fourth Amended Complaint was filed on November 20, 2020.

Here, the record reflects that the GPL Attorneys' concurrent representation of all of the Defendants occurred prior to an answer being filed to any of the complaints, and prior to any cross-claims among the co-defendants being due. See HRCP Rule 12(a)(1) (requiring an answer to a complaint be filed twenty days after service); Rule 13(g) (allowing pleading of cross-claims).  The Gao Plaintiffs' contention that there was an actual conflict during this period of concurrent representation in the preliminary stages of this litigation is

---

[11]     HRPC Rule 1.9, "Conflict of Interest: Former Client," prohibits representation of a client whose interests conflict with a former client. Subsection (a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation, and confirms in writing.

therefore unpersuasive.  Further, by the time the Circuit Court ruled on the First Motion to DQ GPL on October 22, 2020, the GPL Attorneys were no longer representing both the Project Defendants and the Non-Project Defendants, and the plaintiffs had withdrawn their argument that the GPL Attorneys should be disqualified due to dual representation.

Citing Hawaii Revised Statutes (**HRS**) § 425E-402,[12] the Gao Plaintiffs argue that their consent was required for the Project Defendants to retain the GPL Attorneys because general partners may bind a partnership only for acts undertaken in the ordinary course of business.  The Non-Project Defendants, citing HRS § 425E-302,[13] respond that as "allegedly *limited partners*, not managing partners nor general partners," the plaintiffs had "*no* authority to make any decisions on behalf of [the Projects][.]"

The Gao Plaintiffs provide no authority supporting their contention that retention of counsel to defend a lawsuit is not an act taken by general partners for carrying on in the ordinary course of business.  See HRS § 425E-402(b).  The Gao Plaintiffs' status as limited partners did not confer authority to object to the counsel who was retained, nor was their consent required.  See HRS §§ 425E-402(b) and 425E-302.  We conclude the circuit court[14] did not abuse its discretion in denying the

---

[12]    HRS § 425E-402(b) (2004) states: "An act of a general partner which is not apparently for carrying on in the ordinary course the limited partnership's activities or activities of the kind carried on by the limited partnership binds the limited partnership only if the act was actually authorized by all the other partners."

[13]    HRS § 425E-302 (2004) states: "A limited partner shall not have the right or the power as a limited partner to act for or bind the limited partnership."

[14]    Judge Cataldo entered the Order Denying First DQ of GPL.  Judge Ashford entered the Order Denying Second DQ of GPL.

disqualification motions, and we affirm the Order Denying First DQ of GPL and the Order Denying Second DQ of GPL. See Hussey v. Say, 139 Hawai'i 181, 185, 384 P.3d 1282, 1286 (2016) (reviewing trial court's denial of a motion for disqualification for abuse of discretion).

### 2. **Motion to Disqualify the Otsuka Attorneys**

The Gao Plaintiffs argue that the Otsuka Attorneys were not acting in the interests of the Project Defendants by opposing the plaintiffs' motion for an injunction; and that the Otsuka Attorneys were being improperly compensated from the same account used to pay the GPL Attorneys.

The argument that the Otsuka Attorneys were not acting in the interests of the Project Defendants by opposing the injunction motion was not presented to the Circuit Court and is waived. See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 500, 164 P.3d 696, 758 (2007) ("As a general rule, if a party does not raise an argument at the circuit court level, that argument will be deemed to have been waived on appeal[.]" (citations and brackets omitted)).

For the reasons discussed supra, because the Gao Plaintiffs' consent to the retention of counsel was not required, their consent to the manner in which the Otsuka Attorneys were being paid was also not required. See HRS §§ 425E-402(b) and 425E-302. Nor did the Gao Plaintiffs' status as limited partners give them standing to object to the manner in which the Otsuka Attorneys were paid by the general partner. The circuit court[15] did not abuse its discretion in denying the disqualification motion, and we affirm the Order Denying DQ of Otsuka. See Hussey, 139 Hawai'i at 185, 384 P.3d at 1286.

---

[15]   Judge Ashford entered the Order Denying DQ of Otsuka.

### 3. Dismissal of Count 15 Claims Against Attorney Defendants

The Gao Plaintiffs challenge the Count 15 Dismissal Orders, arguing that the Fourth Amended Complaint adequately alleged claims against the Attorney Defendants for conspiracy, unauthorized representation, and legal malpractice.

Count 15, set forth in paragraphs 477 to 531 of the 128-page Fourth Amended Complaint, alleged that the Attorney Defendants conspired with their clients to unlawfully sell the remaining assets of the Project Defendants; engaged in unauthorized representation of the Project Defendants without the plaintiffs' consent as limited partners; and committed legal malpractice.

"A circuit court order granting a motion to dismiss is reviewed de novo." Civil Beat Law Ctr. for the Pub. Int., Inc. v. City & Cnty. of Honolulu, 144 Hawaiʻi 466, 474, 445 P.3d 47, 55 (2019) (citing Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 401, 391 P.3d 1, 8 (2017)). Dismissal is not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of plaintiff's claim that would entitle him or her to relief. Id. The allegations of the complaint are viewed in the light most favorable to the plaintiff and deemed to be true. Id. "However, 'the court is not required to accept conclusory allegations on the legal effect of the events alleged.'" Id. (quoting Hungate, 139 Hawaiʻi at 401, 391 P.3d at 8).

A party asserting a civil conspiracy claim must allege that the conspirators had a criminal or unlawful purpose for their concerted action or that the alleged conspirators used criminal or unlawful means to accomplish a lawful objective. Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Hawaiʻi 461,

482, 228 P.3d 341, 362 (App. 2010).  There can be no civil claim based upon conspiracy alone, and the plaintiff must allege an underlying actionable claim.  Yoneji v. Yoneji, 137 Hawai‘i 299, 311, 370 P.3d 704, 716 (App. 2016).  "Claims by a civil litigant against the opposing party's counsel are also generally barred by litigation privilege."  Greenspon v. Deutsche Bank Nat'l Tr. Co., 158 Hawai‘i 39, 49, 583 P.3d 812, 822 (2026) (citation omitted).

    *Conspiracy claim.*  The Gao Plaintiffs argue that they adequately pled their conspiracy claim in paragraphs 254-276, 287-296, and 491-499 in the Fourth Amended Complaint.  These paragraphs use conclusory language to set forth purported facts, and the conduct alleged therein refers to actions taken by the Attorney Defendants to defend against the plaintiffs' claims.  Such alleged conduct falls within the protection of the litigation privilege.  See id.; Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai‘i 251, 271, 151 P.3d 732, 752 (2007) (lawyers' conduct in managing inspection and review of partnership books and records fell within the qualified litigation immunity privilege where complaint did not allege facts to indicate that the lawyers possessed a desire to harm independent of the desire to protect their client).  There was no allegation that the Attorney Defendants engaged in unlawful acts or acted with their clients at the time that the investor funds were allegedly converted, misapplied or misappropriated. See Yoneji, 137 Hawai‘i at 311, 370 P.3d at 716.  Therefore, the Circuit Court did not err in dismissing the civil conspiracy claim.  Cf. Domingo v. James B. Nutter & Co., 153 Hawai‘i 584, 607-08, 543 P.3d 1, 24-25 (App. 2023) (attorney who presented a materially false attorney affirmation in support of client's foreclosure complaint may be held liable to plaintiff).

***Unauthorized representation claim.*** The Gao Plaintiffs contend this claim, which expressly references HRS § 425E-402 as its legal basis, was adequately pled in paragraphs 510 to 518 of the Fourth Amended Complaint. In addition to being barred by the litigation privilege, we conclude the unauthorized representation claim was not viable because, as set forth supra, the plaintiffs' consent to retain counsel against the plaintiffs' claims was not required under HRS § 425E-402. See Greenspon, 158 Hawai'i at 49, 583 P.3d at 822.

***Legal malpractice claim.*** The Fourth Amended Complaint did not allege there was an attorney-client relationship between the plaintiffs and any of the Attorney Defendants, a necessary element for a legal malpractice claim. Thomas v. Kidani, 126 Hawai'i 125, 129, 267 P.3d 1230, 1234 (2011) (citation omitted).

We conclude the Circuit Court did not err when it dismissed the Count 15 claims against the GPL Attorneys and the Otsuka Attorneys, and we affirm the Count 15 Dismissal Orders and Count 15 Judgment. See Civil Beat Law Ctr. for the Pub. Int., Inc., 144 Hawai'i at 474, 445 P.3d at 55.

### 4. Rule 11 Sanction Against Gao

The Circuit Court's March 23, 2023 Order Granting Rule 11 Sanctions reflects that it reviewed three separate motions for sanctions, and only granted one motion, "Motion 3" filed July 15, 2022. The Circuit Court explained why it granted the "Motion 3" request for Rule 11 sanctions in the following unchallenged findings set forth in its order:

> C. Motion 3.
>
> Plaintiffs' Fourth Amended Complaint ("4th AC"), which was filed in November 2020, asserted a claim against defense counsel for conspiracy, unauthorized representation

19

and malpractice. The 4th AC was filed before the June 2021 hearing on the disqualification motions, which Judge Ashford denied. However, the GPL Attorneys presented [Gao] with Motion 3 in accordance with HRCP 11(c)(1) six months after that decision. As such, at the time counsel was notified that the GPL Attorneys intended to file Motion 3 if counsel did not dismiss Count 15, [Gao] had the benefit of Judge Ashford's rationale and ruling on the disqualification motions.

The specific allegations related to Count 15 are generally the same as those made in the various motions to disqualify counsel, particularly Motion 2. Specifically, Plaintiffs claimed that defense counsel "failed to follow very basic ethical rules to deal with the material conflict of interests;" there was no consent to representation; and counsel "failed to perform competently and diligently as related to duties owed to [the Project Defendants][.]" Plaintiffs also sought punitive damages against all defense counsel. At the hearing, [Gao] indicated that since the filing of the disqualification motions and the 4th AC, he had learned a lot and gained experience, and assured the Court he would be very cautious in the future about taking any similar action.

. . . .

4.     Plaintiffs filed their 4th AC and their second motion to disqualify the GPL Attorneys within a couple of days of each other. In their Opposition to Motion 3, Plaintiffs claim that the GPL Attorneys were sued because they made "numerous misrepresentations," violated [HRPC Rules] 1.7, 1.8(f), 1.9, 1.13(g), 3.3 and 3.4 as well as certain sections of HRS ch. 425E. However, as of June 2021, Plaintiffs were on notice that the Court found they had no standing to assert such claims – under either the HRPC or HRS ch. 425E – and there was no basis to disqualify defense counsel. The Court's ruling made clear that Plaintiffs had not articulated any basis to sue defense counsel for the same conduct.

a.     [Gao] asserts that he made reasonable inquiry regarding Count 15 in part by speaking to unnamed "senior litigation attorneys and retired judges." Such broadly described inquiry with unnamed individuals is insufficient to establish that his inquiry was reasonable. This is particularly true because Plaintiffs' arguments underlying Count 15 were rejected three times by the Court by June 2021. Counsel's research efforts are similarly unavailing – nowhere in the Opposition does counsel attempt to argue why, based on existing law in Hawaii, a court should adopt the holdings of extra-jurisdictional cases. In other words, counsel fails to articulate "a nonfrivolous argument for the extension, modification, or reversal of existing law or the

20

establishment of new law." HRCP 11(b)(2); *Gold v. Harrison*, 88 Hawaiʻi 94, 99, 962 P.2d 353, 358 (1998).

b. Moreover, the HRPC are not a basis for a legal claim against an attorney:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. . . .

Preamble [7].

c. Further, given the arguments raised in the disqualification motions, it was not necessary for Plaintiffs to assert these arguments in the 4th AC to preserve the issues for appeal as counsel argued in his opposition.

In light of the foregoing, **the Court finds that Count 15 was frivolous and the inclusion of Count 15 in the 4th AC violated Rule 11**.

. . . .

**Given the repetition of the filings and arguments, and the refusal to dismiss Count 15 despite Judge Ashford's rulings, the Court believes sanctions are appropriate as related to Motion 3**.

(Bold emphases added) (footnote and internal docket citations omitted).

Real parties in interest Gao and Gao LLLC argue "[t]he sanction was inappropriate because the Attorney Matters [(i.e., the challenged orders in the claims against counsels appeal)] have not been properly adjudicated, especially, the partners' right under HRS 425E-402(b) have [sic] not been addressed in the proceedings." Gao and Gao LLLC contend the "Sanction Order was clearly an abuse of discretion because of the erroneous view of

21

the laws [sic][,]" where the Circuit Court "<u>refused</u> to address the partners' right under HRS [§] 425E-402(b)." Gao has not challenged the Circuit Court's pertinent finding that Judge Ashford had already rejected the "HRS ch. 425E" argument in the "June 2021 hearing on the disqualification motions, which Judge Ashford denied." We have also rejected the HRS § 425E-402(b)-based argument <u>supra</u>. Gao and Gao LLLC also generally claim that the DQ Orders "have been extremely detrimental[.]" Gao and Gao LLLC raise no other arguments regarding the Order Granting Rule 11 Sanctions or to the sanction amount in the Sanction Order. <u>See</u> Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

Here, the Circuit Court's Order Granting Rule 11 Sanctions carefully set forth its reasoning explaining why Gao's inclusion of the Count 15 claim against the Attorney Defendants in the Fourth Amended Complaint was frivolous under the circumstances, and violated HRCP Rule 11(a)(2). We conclude the Circuit Court acted within its discretion in imposing the $3,500.00 sanction against Gao. <u>See</u> <u>Gap v. Puna Geothermal Venture</u>, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004) ("All aspects of a HRCP Rule 11 determination should be reviewed under the abuse of discretion standard." (citation omitted)). We thus affirm the Order Granting Rule 11 Sanctions and the Sanction Order.

**B. The Settlement Enforcement Appeal, CAAP-23-0000707.**

We first address our jurisdiction over the Defendants' settlement enforcement appeal, which was contested by the OPGI Plaintiffs in their jurisdictional counterstatement. We previously denied the OPGI Plaintiffs' counterstatement, which we construed as a motion to dismiss the appeal for untimeliness, in an August 29, 2024 order.

22

Under the collateral order doctrine, an interlocutory order may be appealable if the order "[(1)] conclusively determine[s] the disputed question, [(2)] resolve[s] an important issue completely separate from the merits of the action, and [(3)] [is] effectively unreviewable on appeal from final judgment." Siangco v. Kasadate, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994) (citation omitted).

We have jurisdiction to review the November 8, 2023 Amended Order Enforcing Settlement as an appealable collateral order, where the order conclusively determined the question of whether the Settlement Agreement should be enforced or set aside due to breach; resolved an important issue separate from and collateral to the merits of the underlying litigation; and where the order would be effectively unreviewable on an appeal from a final judgment, because the Settlement Agreement's enforcement would result in a stipulated dismissal and not a final judgment. See id.; Cook v. Surety Life Ins., Co., 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995) (holding that "an order enforcing a settlement agreement is a collateral order which is appealable").

The Defendants challenge the Circuit Court's November 8, 2023 Amended Order Enforcing Settlement, contending that the Circuit Court erred by **(1)** "finding that [Gao's] actions" "did not amount to a material breach of the Settlement Agreement"; and **(2)** granting the motions to enforce the settlement and denying the Defendants' Motion to Set Aside the Settlement.[16]

---

[16] We have reordered, restated, and consolidated the points of error for clarity.

### 1. Three alleged breaches by Gao

Defendants argue there were three material breaches by Gao that justified rescission of the Settlement Agreement rather than enforcement: (1) breach of confidentiality[17] by Gao, (2) breach of Section III.Q. of the Settlement Agreement[18] by Gao, and (3) breach of the Litigation Stay by Gao's appeal of the Count 15 Dismissal Orders.

The Circuit Court's November 8, 2023 Amended Order Enforcing Settlement concluded that none of the three challenged actions by Gao "amount[ed] to a material breach[,]" reasoning as follows:

> **[No breach of confidentiality by Gao]**
>
> (a) Defendants have not submitted any evidence that convinces this Court that the *post*-Settlement Agreement actions of Plaintiffs' counsel Gao impacted the ability to obtain financing. . . . Rather, <u>the evidence establishes that issues involving the project</u> – including this litigation and the claims against Defendants – <u>were public and readily accessible in news stories</u> published two years before the Settlement Agreement was executed. . . . Further, Plaintiffs' <u>extensive pre-Settlement Agreement court filings</u>, which <u>are publicly available</u>, provided additional information and characterizations about Defendants' alleged wrongdoing. . . .
>
> **[No breach of Section III.Q. by Gao]**

---

[17] The "Confidentiality" section of the Settlement Agreement generally provided that: "No Settling Party shall disclose or use the terms of the Settlement Documents, other than the facts that settlement has been reached"; "No Settling Party shall disclose or use any of the non-public information of the other Settling Party that is obtained through the two EB-5 Immigration Investor Programs related to the Properties"; and that "Investors and their counsel shall not disclose any confidential information pertaining to the [projects] or the Defendants learned through [sic] or in the course of the Lawsuits."

[18] Section III.Q. of the Settlement Agreement contained a non-solicitation clause applicable to the plaintiffs' counsel, which stated: "Each attorney for the Plaintiffs agrees, warrants, and represents that they will not make contact with (regarding the LP-Projects) and/or solicit any of the other, non-Settling Party, investors of Hawaii Ocean Plaza LP or Hawaii City Plaza LP [(Project Defendants)] from now and forever."

(b) The parties have submitted emails to the Court regarding negotiations related to the Settlement Agreement and specifically section III.Q. While defense counsel objects to the Court's consideration of emails submitted by Mr. Gao, without opposition, defense counsel sought the Court's review of the same types of communications. Given the issues raised and argued by counsel, the Court has considered all emails. <u>The Court does not find sufficient evidence to identify a material breach of section III.Q., and credits Mr. Gao's declaration on the matter. The evidence does not establish that Mr. Gao "made contact" with other non-settling investors</u> in the project <u>or sought to solicit them</u> – and specifically, any of the three people alleged to have been a part of the subject WeChat session. . . .

**[No breach of the litigation stay by Gao's appeal of the Count 15 Dismissal Orders]**

(c) As to a stay of litigation, which was mentioned in the Settlement Agreement . . . , <u>the Court finds that Mr. Gao's appeal of the Court's sanction order – CAAP-23-400 – does not constitute a material breach of the Settlement Agreement.</u> As made clear in Dkt. No. 1284, the stay did "not bar any proceeding and/or motion regarding the pending Rule 11 Motions and/or any issues or matters related to the said Rule 11 Motions against attorney [Gao] and/or [Gao LLLC]." <u>The appeal concerns the Court's sanction order and other orders that were addressed in and formed the basis of that sanction order. As such, the Court finds that the appeal is a proceeding regarding the Rule 11 motions and/or involves issues or matters related to the Rule 11 Motions.</u> . . .

(Headers and emphases added) (internal docket citations and brackets omitted).

*Alleged breach of confidentiality.* Regarding this alleged breach, the Defendants do not dispute the Circuit Court's finding that news stories about this lawsuit were "public and readily accessible" "two years before the Settlement Agreement was executed[,]" which the Defendants' Opening Brief acknowledges "may be true." The Defendants specifically argue that Gao allegedly breached "the confidentiality agreement by disclosing the terms of the settlement agreement directly to the non-settling investors" in a "WeChat Meeting[,]" and claim that

25

such disclosure "is a direct and material breach of the confidentiality of the Settlement Agreement."  In their Opening Brief, the Defendants point to defendant Zhong Fang's Declaration (**Fang Declaration**) to support their claim of Gao's "direct and material breach" of "confidentiality," and cite no other evidence.

The pertinent portion of the Fang Declaration stated:

> 5)     <u>Upon information and belief</u>, on or about June 6, 2023, Attorney Wen Sheng Gao participated in the creation of a multi-person group on the platform "WeChat" ("WeChat Meeting") with the intention of holding a meeting and/or communicating with investors who were not parties to this instant lawsuit ("Non-Party Investors").
>
> 6)     <u>Upon information and belief</u>, the following was discussed at the said WeChat Meeting:
>
> > a.  In the above-described meeting over "WeChat", Attorney Gao suggested that a new lawsuit should be filed against me and the other Defendants as the EB-5 Projects will be taken over by a third-party if the refund does not go through.
> > b.  Attorney Gao told the other investors that if they do not initiate the lawsuit, the project developer will not refund, and the project will be taken over by a third-party.  This unnecessary behavior has caused panic amongst the Non-Party Investors.
> > c.  Attorney Gao requested that the Non-Party Investors grant him permission to initiate a new lawsuit against me and the other Defendants.

(Emphases added.)

The Fang Declaration, upon which the Defendants rely as their supporting evidence, does not show what confidential terms Gao allegedly disclosed during the WeChat meeting. Defendants do not explain how the Fang Declaration's "[u]pon information and belief"-based description of the WeChat meeting constituted an illegal disclosure of confidential settlement terms.  <u>See</u> HRAP Rule 28(b)(7).  We conclude the Circuit Court's

conclusion to reject breach on this ground was not wrong.  See Kahawaiolaa v. Hawaiian Sun Invs., Inc., 146 Hawaiʻi 424, 432, 463 P.3d 1081, 1089 (2020) (holding that whether a breach was a material breach to warrant rescission is a conclusion of law reviewable de novo).

*Alleged breach of Section III.Q.*  The Defendants' argument for the claim of Section III.Q. breach is based on Gao's "act of organizing a meeting over the platform 'WeChat' and inviting the non-settling investors to participate in said meeting."  They again rely on the Fang Declaration and also point to Gao's declaration, claiming that Gao did "not deny that he initiated a WeChat meeting" within that declaration.

The Defendants' reliance on Gao's declaration is unpersuasive, because the absence of a statement of denial is not evidence.

As for the Defendants' reliance on the Fang Declaration, the OPGI Plaintiffs raise a valid objection to its admissibility.[19]  The OPGI Plaintiffs argue "Mr. Fang's Declaration is hearsay, based on 'information and belief' as Mr. Fang provides no direct or actual knowledge of what Attorney Gao said, if anything, at the WeChat session."

Evidence submitted for or against a motion to enforce settlement must comply with the same standard as a motion for summary judgment, and must be admissible.  McKenna v. Ass'n of Apartment Owners of Elima Lani, 148 Hawaiʻi 233, 239, 470 P.3d 1110, 1116 (2020).  To be admissible under this standard, a declaration "must be based on personal knowledge of the matter[.]"  Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 28,

---

[19]     The OPGI Plaintiffs lodged a hearsay objection below, in their opposition to the Defendants' Motion to Set Aside Settlement.

346 P.3d 70, 97 (2015). A declaration that "indicates that the basis for the information" is from an "external source" does not demonstrate that the statements are based on the declarant's personal knowledge, and is not admissible. Id. at 29, 346 P.3d at 98.

Here, the record reflects that the pertinent paragraphs of the Fang Declaration were not based on Fang's personal knowledge, and the specific assertions about the WeChat meeting were made "[u]pon information and belief[.]" The Fang Declaration does not indicate that Fang was present at the WeChat meeting, and does not explain the basis for Fang's belief as to what occurred at the WeChat Meeting and who initiated it. On this record, we conclude that the Circuit Court's determination that Section III.Q. was not breached, was not wrong.[20] See Kahawaiolaa, 146 Hawaiʻi at 432, 463 P.3d at 1089.

***Alleged breach of the Litigation Stay***. The Defendants argue that the Gao Plaintiffs' appeal of the Count 15 Dismissal Orders in the claims against counsels appeal breached the Litigation Stay, because the Litigation Stay only permitted appeal of the Rule 11 motions. They claim the Gao Plaintiffs' appeal of the Count 15 Judgment "is a clear violation" of the Litigation Stay and Settlement Agreement.

The Litigation Stay excepted from its scope of coverage "any proceeding and/or motion regarding the pending Rule 11 Motions and/or any issues or matters related to the said Rule 11 Motions against [Gao] and/or [Gao LLLC][.]" (Emphasis added) (footnote omitted).

---

[20] Because we conclude that the Circuit Court's conclusion of no material breach of Section III.Q. of the Settlement Agreement was correct, we do not address the Defendants' remaining argument regarding the enforceability of Section III.Q. under HRPC Rule 5.6.

Although the Litigation Stay did not specifically mention the Count 15 claims against the Attorney Defendants, the plaintiffs' refusal to withdraw those Count 15 claims was the basis for the Circuit Court's imposition of sanctions against Gao. As such, the Count 15 Dismissal Orders and Count 15 Judgment were "issues or matters related to" the Rule 11 motions and were properly excluded from the Litigation Stay. The Circuit Court's conclusion that the Litigation Stay did "not bar" litigation of "other orders that were addressed in and formed the basis of th[e] sanction order" was correct. See id.

**2. Rulings on the settlement enforcement motions**

As the Circuit Court correctly concluded the Settlement Agreement was not materially breached, its denial of Defendants' Motion to Set Aside Settlement and grant of the plaintiffs' motions to enforce settlement were not error. See McKenna, 148 Hawaiʻi at 239, 470 P.3d at 1116 (reviewing grant or denial of a motion to enforce settlement de novo). We thus affirm the November 8, 2023 Amended Order Enforcing Settlement.

**C. The Lien Appeal, CAAP-24-0000502.**

We first address our jurisdiction over the Gao Plaintiffs' lien appeal, which was contested by the Project Defendants.

We have jurisdiction to review the lien orders, where the orders conclusively determined the disputed question of whether the Project Defendants would be permitted to record a consensual lien on the Project Defendants' properties that were subject to the Settlement Agreement, and resolved an important issue of payment for the Project Defendants' outstanding legal fees, separate from the merits of the underlying action. See Siangco, 77 Hawaiʻi at 161, 883 P.2d at 82. In addition, we conclude the lien orders would be effectively unreviewable where

29

no final judgment would be entered, because the plaintiffs' claims were settled and secured by the plaintiffs' superseding lien to which the subject lien was subordinate. Cf. Lathrop v. Sakatani, 111 Hawai'i 307, 311 n.8, 141 P.3d 480, 484 n.8 (2006) (noting that "[a]n order expunging a *lis pendens* is immediately appealable . . . under the collateral order doctrine" because "if the movant had to wait until final judgment on the underlying claim, the realty could be sold before the issue was resolved, thereby rendering the order unreviewable" (citing Knauer v. Foote, 101 Hawai'i 81, 85, 63 P.3d 389, 393 (2003)).

The Gao Plaintiffs raise four points of error (**POEs**) challenging the lien orders, some of which are waived: **(1)** the Otsuka Attorneys' "'Attorney Lien' was not authorized by HRS [§] 507-81"; **(2)** the Otsuka Attorneys' "'Attorney Lien' was in violation of HRPC Rule 1.8(a)&(i)"; **(3)** the Circuit Court lacked jurisdiction to decide the attorney's lien because the "Attorney Matters" (i.e., the orders at issue in the claims against counsels appeal) were "pending subject matters" on appeal; and **(4)** there was "no supporting evidence . . . to establish that the [Project Defendants] were in debt" to the Otsuka Attorneys and that the Otsuka Attorneys were "entitled to collect the debt from the properties of the [Project Defendants]."[21]

POE 4 is waived. The Gao Plaintiffs' March 27, 2024 opposition does not reflect this contention. See Haw. Ventures, LLC, 114 Hawai'i at 500, 164 P.3d at 758. Nor does the Opening Brief indicate where this specific argument was raised before the Circuit Court. See HRAP Rule 28(b)(4)(ii) and (iii).

_____

[21]    We have restated the POEs for clarity. The POEs do not comply with HRAP Rule 28(b)(4)(ii) and (iii), but some of the required record references are available in other sections in the Opening Brief.

Further, the argument in POE 2 based on HRPC Rule 1.8(a) was also not raised below and is waived. The argument based on HRPC Rule 1.8(i) was made below, and we address it.

**(1)** The Gao Plaintiffs argue that the "[Otsuka Attorneys]' 'Attorney Lien' was not authorized by HRS [§] 507-81" because "[i]n the records [sic], [Otsuka Attorneys] made clear that the 'Attorney Lien' was not authorized by the statute." While it is not clear what point the Gao Plaintiffs are trying to make with this argument, some of the verbiage they use reflects a misapprehension of what the record shows.

Here, the Project Defendants (not the Otsuka Attorneys) requested a *consensual* lien for their fees owed to the Otsuka Attorneys. The Lien Order at issue was not a statutory attorney's lien under HRS § 507-81, for which the Otsuka Attorneys themselves would have had to file a "notice of claim" of an attorney's lien to enforce. See HRS § 507-81(f) (2018).[22] The July 8, 2024 Order Granting Lien Recording permitted the recording of "[t]he proposed consensual attorney's lien" and stated the lien "shall have a legal effect of a consensual lien[.]" The July 9, 2024 Lien Order similarly states: "The certified copy of this order has the legal effect of being consensual [sic] attorney's lien executed by the Grantors [(the Project Defendants)], which may be recorded in the Bureau of Conveyance, State of Hawaii." Because the lien orders were for a consensual lien, they were not governed by HRS § 507-81 and did not need to be "authorized" by that statute as the Gao Plaintiffs contend.

---

[22] HRS § 507-81, entitled "Attorney's lien upon actions and judgments," provides in pertinent part: "(f) To be enforceable under this section, a notice of claim of the attorney's lien shall be filed with the court or arbitrator, as the case may be."

**(2)** The Gao Plaintiffs' argument that the lien orders violated HRPC Rule 1.8(i) is conclusory and difficult to discern. They argue that the lien orders "are granting [the Otsuka Attorneys] to take [sic] the clients' property interests[,]" "which are protected by the TRO in the proceedings" and "which are the subject matters of litigation" that the Otsuka Attorneys are "conducting on behalf" of the Project Defendants. They claim that for this reason, the lien orders are "ethical violations" of HRPC Rule 1.8(i).

HRPC Rule 1.8(i) generally prohibits a lawyer from acquiring any proprietary interest in the subject matter of litigation, but sets forth an exception in subsection (1), permitting that a lawyer "may . . . acquire a lien authorized by law" to secure the lawyer's fee.[23]

Here, while the lien in favor of the Otsuka Attorneys granted them an interest in the Project Defendants' properties that were part of the "subject matter of litigation," the record reflects that the exception in HRPC Rule 1.8(i)(1) applied, where the consensual lien was specifically permitted by the Circuit Court's lien orders. The Order Granting Lien Recording noted that other than permitting the recording of the consensual lien at issue, the "temporary restraining order" pursuant to its

---

[23]     HRPC Rule 1.8(i) provides:

> (i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, <u>except that the lawyer may</u>:
>
>> (1) <u>acquire a lien authorized by law to secure the lawyer's fees</u> or expenses; and
>>
>> (2) contract with a client for a reasonable contingent fee in a civil case.

(Emphases added.)

September 10, 2020 order granting an injunction "remains in effect." The Gao Plaintiffs' contention that the lien orders violated HRPC Rule 1.8(i) lacks merit.

**(3)** The Gao Plaintiffs' argument supporting their contention that the Circuit Court lacked jurisdiction to decide the lien orders because the claims against counsel appeal (CAAP-23-0000400) was pending, is not a typical jurisdictional challenge. The Gao Plaintiffs explain that: "[t]he legal nature and consequences of the alleged misconduct of [(the Otsuka Attorneys)] are subject matters in the appellate case No. CAAP-23-0000400 that the trial Court did not have the jurisdictional power to decide this [sic] is <u>not</u> an ordinary award of attorney fees."

The Gao Plaintiffs' characterization of the lien orders as "<u>not</u> an ordinary award of attorney's fees[,]" is inapt. The lien orders were not an "award" of attorney's fees but concerned a court-approved attachment of a consensual lien for attorney's fees.

The Gao Plaintiffs rely on the same arguments we have already rejected in their claims against counsel appeal. In any event, we conclude the Circuit Court had jurisdiction over the lien orders, because "notwithstanding the general effect of the filing of a notice of appeal, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment." <u>Bank of N.Y. Mellon as Tr. for Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-11 v. Colton</u>, 146 Hawaiʻi 577, 581, 463 P.3d 1234, 1238 (App. 2020) (citation and brackets omitted). Here, the lien orders were collateral to DQ Orders and the Count 15 Judgment appealed from in CAAP-23-0000400, and the Circuit Court

33

retained jurisdiction to decide the request to record the consensual lien and to enter the orders.  See id.

### III.  CONCLUSION

For the foregoing reasons, we resolve this consolidated appeal as follows.

With respect to the claims against counsels appeal in CAAP-23-0000400 filed by the Gao Plaintiffs, and real parties in interest Gao and Gao LLLC, we affirm the following First Circuit Court orders and judgment:  (1) December 9, 2020 Order Denying First DQ of GPL; (2) June 29, 2021 Order Denying Second DQ of GPL; (3) June 29, 2021 Order Denying DQ of Otsuka; (4) July 8, 2022 GPL Count 15 Dismissal Order; (5) August 4, 2022 Otsuka Count 15 Dismissal Order; (6) March 23, 2023 Order Granting Rule 11 Sanctions; (7) May 19, 2023 Sanction Order; and (8) July 7, 2023 Count 15 Judgment.

With respect to the settlement enforcement appeal in CAAP-23-0000707 jointly filed by the Project Defendants and the Non-Project Defendants, we affirm the First Circuit Court's November 8, 2023 Amended Order Enforcing Settlement.

With respect to the lien appeal in CAAP-24-0000502 filed by the Gao Plaintiffs, we affirm the First Circuit Court's (1) July 8, 2024 Order Granting Lien Recording; and the (2) July 9, 2024 Lien Order.

DATED:  Honolulu, Hawai'i, May 11, 2026.

On the briefs:

Wen Sheng Gao,
for Gao Plaintiffs-Appellants
and for Third-Party
Defendants/Third-Party
Counterclaimants-Appellants
Gao and Gao LLLC in
CAAP-23-0000400 and
CAAP-24-0000502;

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

for Gao Plaintiffs-Appellees
and for Third-Party
Defendants/Third-Party
Counterclaimants-Appellees Gao
and Gao LLLC in
CAAP-23-0000707

David R. Squeri,
Carlos Reyes,
for Non-Project Defendants-
Appellees and for Third-Party
Plaintiffs/Third-Party
Counterclaim Defendants-
Appellees Squeri, Yi, and GPL,
LLLC in CAAP-23-0000400 and
CAAP-24-0000502;
for Non-Project Defendants-
Appellants and for Third-Party
Plaintiffs/Third-Party
Counterclaim Defendants-
Appellees Squeri, Yi, and GPL,
LLLC in CAAP-23-0000707

Jerrold K. Guben,
for OPGI Nominal Plaintiffs
in CAAP-23-0000400;
for OPGI Plaintiffs-Appellees
in CAAP-23-0000707 and
CAAP-24-0000502

Junsuke Aaron Otsuka,
for Project Defendants-
Appellees and for Third-Party
Plaintiffs-Appellees Otsuka
and Otsuka, LLLC in
CAAP-23-0000400 and
CAAP-24-0000502;
for Project Defendants-
Appellants and for Third-Party
Plaintiffs-Appellees Otsuka
and Otsuka, LLLC in
CAAP-23-0000707